Filed 3/17/25  P. v. Coleman CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B326894 |
| Plaintiff and Respondent, | (Super. Ct. No. 1288180) (Santa Barbara County) |
| v. | |
| RODERICK COLEMAN, | |
| Defendant and Appellant. | |

Roderick Coleman appeals from an order resentencing him pursuant to Penal Code section 1172.1.[1]  He raises two issues.  First, he argues prosecutors failed to meet the stricter evidentiary standard required to prove special gang allegations under section 186.22, subdivision (b), as amended by Assembly Bill 333 (AB 333).  (Stats. 2021, ch. 699, § 4, eff. Jan. 1, 2022.)  Second, he contends the trial court erred by imposing the upper term of six years on his robbery conviction.

---

[1] All further undesignated statutory references are to the Penal Code.

As to appellant's first contention, the Attorney General initially argued that amended section 186.22 did not apply at resentencing because appellant's conviction was final as of the effective date of AB 333. Our Supreme Court decided *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*) after the parties completed briefing. We requested supplemental briefing from the parties discussing the effect of the case on this appeal. The Attorney General now concedes AB 333 applies retroactively to appellant and requires prosecutors to prove the gang enhancements under the amended statute's stricter standard of proof. We agree.

As to appellant's second contention, we conclude remand is required to conduct proceedings in accordance with section 1170 subdivision (b). We leave to the trial court's discretion what term it will impose for robbery.

Accordingly, we will reverse the order, vacate the gang enhancements on all counts, and remand for possible retrial and resentencing.

FACTUAL AND PROCEDURAL HISTORY

*Robbery and Rape of Doe*

Appellant and Patrick McMillan were members of the Central Coast Crips gang. In 2008, they broke into the house Jane Doe shared with her boyfriend and two children in Lompoc. Doe and the children were alone because her boyfriend was working that evening. Appellant wore a gorilla mask and carried a gun and baseball bat. McMillen wore tights over his face. They entered Doe's room. McMillan put his arm around her neck and demanded the cash and marijuana they suspected her boyfriend kept in the house.

Doe initially denied knowing where her boyfriend kept cash or drugs. McMillan choked her harder, then forced her to kneel beside her bed. One of the attackers pulled down her pants,

raped her, and stuck something into her vagina.  Doe then relented and told them where to find what they wanted.  They retrieved marijuana from her car and $1,100 in cash from the room of her toddler-aged son.  They took Doe to the room of her boyfriend's five-year-old daughter, bent Doe over the bed, and told her to count to 1000 before getting up.  Appellant and McMillan fled but were arrested later that month.

*Conviction and Original Sentencing*

A jury convicted appellant in 2010 of one count of first degree residential robbery (§ 211; count one); one count of first degree burglary (§ 459; count two); one count of forcible rape (§ 261, subd. (a)(2); count three); one count of forcible sexual penetration with a foreign object (§ 289, subd. (a)(1); count four); and two misdemeanor counts of cruelty to child by endangering health (§ 273a, subd. (b); counts five and six).  The jury found true allegations that appellant committed the offenses "for the benefit of, at the direction of, or in association with a criminal street gang" (§ 186.22, subd. (b)(1)), and that he personally used a firearm (§12022.53, subd. (b)).

The trial court imposed an aggregate determinate term of 26 years for robbery (count one)—the upper term of six years plus ten-year terms each for the gang and firearm enhancements.  It imposed the same term for burglary (count two) but stayed the sentence under section 654.  It imposed indeterminate terms of 25 years to life for both rape (count three) and forcible penetration (count four) but ran the latter concurrently with the former.

The record contains conflicting information about the enhancements imposed on the rape and forcible penetration counts.  The reporter's transcript shows the trial court imposed 10-year gang and firearm enhancements on both, then ran the

3

forcible penetration count's enhancements concurrently with those imposed on the rape count. This would have resulted in an aggregate determinate term of 46 years—26 years for robbery plus the two ten-year enhancements. The minute order and abstract of judgment, in contrast, show the trial court imposed gang enhancements (but not firearm enhancements) on the rape and forcible penetration counts, and ran them concurrently with the gang enhancement imposed on the *robbery* count. This resulted in an aggregate determinate term of 26 years instead of 46 years.

We affirmed appellant's conviction on direct appeal. (*People v. Coleman* (March 7, 2012, B224305) [nonpub. opn.].) Our opinion recited the sentence stated in the minute order and abstract of judgment, i.e., an indeterminate term of 25 years to life plus an aggregate determinate term of 26 years.

*CDCR Requests the Trial Court Review Appellant's File for Sentencing Error*

In September of 2020, the Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter stating: "The Abstract of Judgment and the Minute Order reflect two PC 186.22(b)(1)(C) enhancements, tied to Counts 3 and 4, with 10 years imposed for each <u>concurrent</u> to the PC 186.22(b)(1)(C) enhancement tied to Count 1. Pursuant to PC 186.22(b)(1), the punishment for this enhancement shall be an additional and **consecutive** term of imprisonment. Additionally, please be advised that enhancements <u>must</u> be sentenced consecutive to or concurrent with the count to which they are attached and they <u>may not</u> be sentenced consecutive to or concurrent with other enhancements." CDCR requested the trial court review appellant's file "to determine if a correction [was] required." The letter identified no other sentencing errors.

*Resentencing Proceedings*

Prosecutors moved to recall and resentence appellant under section 1172.1, which they described as "the cleanest method of conferring jurisdiction on the Court to correct the sentence."[2] They recommended leaving the rape sentence (25 years to life, plus 20 years) intact. They recommended reimposing the upper term of six years for robbery but acknowledged the court had discretion to strike the punishment on the two 10-year enhancements attached to that count.

Appellant sought the low term of three years for robbery. He requested the trial court exercise its discretion to strike the firearm and gang enhancements on all counts. In addition, he argued that AB 333's recent amendments to section 186.22 applied retroactively to his case under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) and required prosecutors to retry the gang enhancements under the amended statute's more exacting proof requirements. Prosecutors argued the amendments did not apply retroactively because judgment on appellant's conviction became final long before the effective date of AB 333. Section 1172.1 conferred the court with jurisdiction to resentence appellant on the enhancement, they argued, but not to reverse the jury's findings on the special allegations.

The trial court sided with prosecutors. It reimposed a 25-years-to-life term for rape plus two 10 year enhancements. It likewise reimposed the upper term of six years for robbery, but struck the two 10-year gang and firearm enhancements. This meant appellant received the same sentence reflected in the

---

[2] Prosecutors originally moved to strike the punishment on the gang enhancements as to the rape and forcible penetration counts under section 186.22, subdivision (h), formerly subdivision (g).

original minute order and abstract of judgment—a 26-year determinate term followed by an indeterminate term of 25 years to life.[3]  The court again stayed the sentences for burglary and forcible penetration pursuant to section 654.

## DISCUSSION

### *Criminal Street Gang Enhancement*

Section 186.22, subdivision (b)(1), provides a 10 year sentence enhancement for "a person who is convicted of a felony committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members."  AB 333 modified the law on gang charges and enhancements in several respects.  Relevant here, it amended section 186.22 to increase the evidentiary burden necessary to prove a gang-related enhancement by requiring the charged offense and any predicate offenses benefit the gang in a way that "is more than reputational."  (§ 186.22, subds. (e)(1) & (g).)  It also amended the definition of a "'pattern of criminal gang activity'"—an element of proving the enhancement—to mean two or more predicate offenses, the last of which "occurred . . . within three years of the date the current offense is alleged to have been committed," (*id.*, subd. (e)(1)) and precluded use of the currently charged offense to establish a pattern.  (*Id.*, subd. (e)(2).)

Appellant contends prosecutors did not meet this stricter evidentiary standard at resentencing.  He requests we reverse his sentence and remand the case.  (See *People v. Clark* (2024) 15 Cal.5th 743, 764 [reversing judgment as to gang enhancement

___

[3] The court also sentenced appellant to jail terms of 180 days on the two child cruelty convictions, running concurrently with the prison terms.  This part of the sentence is not at issue in this appeal.

6

and remanding for further proceedings at which prosecutors could "offer additional evidence to satisfy the newly enacted requirements of section 186.22"].)

The Attorney General initially argued AB 333 did not apply because appellant's conviction was final long before the law's effective date, i.e., January 1, 2022. (See *Estrada*, *supra*, 63 Cal.2d at p. 745 [ameliorative amendments "can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final"].) It now concedes, and we agree, the amended statute applies retroactively. "We review questions of retroactivity de novo." (*In re A.M.* (2024) 102 Cal.App.5th 557, 565.)

For decades, the Supreme Court extended *Estrada* retroactivity only to cases pending on direct appeal. (See *People v. Mitchell* (2023) 97 Cal.App.5th 1127, 1144 (conc. opn. of Poochigian, J.) ["the finality of the guilt aspect of the judgment (i.e., a conviction) was not affected merely because the penalty aspect of the judgment (i.e., the sentence) was reopened"].) *People v. Padilla* (2022) 13 Cal.5th 152 broke course with this interpretation of *Estrada* by applying Proposition 57's ameliorative amendments to a defendant whose conviction was vacated not on direct appeal, but on habeas corpus. "When a defendant's sentence has been vacated," *Padilla* noted, "the parties' interests in repose and finality are necessarily diminished; at that point, the countervailing interest in effectuating current legislative policy decisions may appropriately control." (*Id.* at p. 168.)

The Supreme Court echoed this holding in *Lopez*. Lopez's conviction was originally affirmed on appeal with directions to consider striking certain enhancements on remand. AB 333 went into effect soon after. The trial court declined to apply amended

section 186.22 because it considered the Lopez's conviction final for all purposes other than resentencing. The Supreme Court later reversed. It rejected the Attorney General's argument that a judgment could have both final and non-final parts: "'[T]here is no "judgment of conviction" without a sentence.' [Citation.] Thus, when any aspect of a case is on appeal from sentencing, the 'case' or 'prosecution' has not been reduced to final judgment for *Estrada* purposes." (*Lopez*, *supra*, 17 Cal.5th at p. 397, quoting *People v. McKenzie* (2020) 9 Cal.5th 40, 46.)

We requested supplemental briefing on the effect of *Lopez* here. The Attorney General now acknowledges amended section 186.22's ameliorative benefits apply to appellant. We agree. *Padilla* and now *Lopez* have all but erased the line that once existed between conviction and penalty. (See *People v. Mitchell*, *supra*, 97 Cal.App.5th at pp. 1144-1145 (conc. opn. of Poochigian, J.) ["In the present era of recurring sentence-altering legislation, removal of these constraints means that changes in *substantive* criminal law (not just ameliorative sentencing legislation) can reverberate backwards to crimes committed many years before the change in law"].) The Courts of Appeal are following suit. (See *People v. Salgado* (2022) 82 Cal.App.5th 376, 380, quoting *People v. Montes* (2021) 70 Cal.App.5th 35, 47-48 [defendant's resentencing under section 1172.1 meant "his criminal judgment was 'no longer final'" for purposes of *Estrada* retroactivity]; *People v. Trent* (2023) 96 Cal.App.5th 33, 44 [same for defendant resentenced under section 1172.6]; see also *In re A.M.*, *supra*, 102 Cal.App.5th at pp. 568-571 [vacating gang-murder special circumstance where evidence insufficient to sustain allegations under amended section 186.22].)

Having decided the amended law applies retroactively, we next review the jury's findings for harmless error under

*Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705]. "Under *Chapman*, vacating the jury's finding is "required unless 'it appears beyond a reasonable doubt' that the [finding] would have been the same" under current law." (*In re A.M., supra*, 102 Cal.App.5th at p. 570, quoting *People v. Tran* (2022) 13 Cal.5th 1169, 1207.) "If "there is any reasonable possibility that the error might have contributed to the" finding, vacatur is required." (*Ibid.*, quoting *People v. Lewis* (2006) 139 Cal.App.4th 874, 887.) We conclude a reasonable doubt exists whether the jury would have found the gang enhancement allegations true under the current law.

Amended section 186.22 subdivision (e)(1) requires the last predicate offense to have occurred "within three years of the date the current offense is alleged to have been committed." Prosecutors introduced evidence of six predicate offenses at trial. The last of these offenses resulted in a conviction in January of 2006 but arose from a crime that occurred in September of 2005. This falls outside subdivision (e)(1)'s three-year window because the currently charged offenses occurred in October of 2008.

AB 333 also amended the statute so that "[t]he currently charged offense shall not be used to establish the pattern of criminal gang activity." (§ 186.22, subd. (e)(2).) The prosecutor stated on the record he *was* using the current offense for this purpose. He said the following in a colloquy with the court following an evidentiary objection by the defense: "Judge, the current crime is also being offered by the people to prove the pattern of criminal activity and is in its own right a predicate as is always the case when there's a 186.22 [enhancement] alleged." He could not do so under the amended law.

We also cannot say the jury would have found the special allegations true beyond a reasonable doubt under the new law.

Proving predicate crimes under amended section 186.22 subdivision (b) requires showing "a connection between the predicate offenses and the organizational structure, primary activities, or common goals and principles of the gang." (*People v. Clark, supra,* 15 Cal.5th at p 749.) Here, one predicate offense involved a member of the Central Coast Crips who assaulted his cell mate in jail. One involved a member who brandished a firearm during a bar fight. One involved a member found with a gun in his car. The other three involved narcotics convictions. Prosecutors tied these crimes to individual members of the Central Coast Crips but stopped short of explaining how they benefitted the gang in a way that was "more than reputational."

Lastly, it is not clear prosecutors could now prove the gang allegations on the rape and forcible penetration counts under current law. A prosecution expert testified that sexual assaults are not considered "respectable or good crimes in the gang world," and, unlike robbery, would not benefit the Central Coast Crips. This did not matter, however, because it was enough that appellant committed the crime "in association with" the gang. The amended statute forecloses this interpretation of the statute. The currently charged offense—whether committed "for the benefit of, at the direction of, or in association with" a gang—must now be committed "with the specific intent to promote, further, or assist in criminal conduct by gang members." (§ 186.22, subd. (b)(1).) This means "to provide a common benefit to members of a gang where the common benefit is more than reputational." (*Id.*, subd. (g).) Evidence appellant's offense was "associated" with a gang does not establish he harbored such intent.

*Upper Term on Robbery Conviction*

Appellant asserts the trial court erred by imposing the upper term of six years for his robbery conviction. We agree remand is necessary to comply with section 1170 subdivision (b).

Former section 1170, subdivision (b) gave trial courts discretion to decide which of the three terms specified for an offense would best serve the interests of justice. Senate Bill No. 567 (2021-2022 Reg. Sess.) amended the statute to require imposing the middle term as the presumptive sentence effective January 1, 2022. (§ 1170, subd. (b)(1)-(2); Stats. 2021, ch. 731, § 1.3.) A court may now impose the upper term only if "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Remand is required "unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute." (*People v. Lynch* (2024) 16 Cal.5th 730, 743.) The record must "clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion." (*Ibid.*)

At appellant's original sentencing, the trial court cited several aggravating factors as justifying the upper term for robbery. "[T]he circumstances here were egregious," the court stated, "that it was at home, it was at night, that it was planned, that it was in concert, that it represented a further escalation of a long criminal history as well." The trial court's view did not

11

change at resentencing. The same bench officer found the victim was "particularly vulnerable" because there were children in her home who needed protection. (Cal. Rules of Court, Rule 4.421(a)(3).) In addition, it properly relied—without objection—on appellant's convictions and probation status as aggravating factors. (*Id*., rule 4.421(b)(2), (4) & (5); § 1170, subd. (b)(3).) We also have no difficulty concluding a jury would have found Jane Doe "particularly vulnerable" beyond a reasonable doubt. Courts have recognized the vulnerability of those attacked while in their own home. (See, e.g., *People v. Hall* (1988) 199 Cal.App.3d 914, 922.) We cannot, however, conclude that the record clearly indicates the court would have imposed the upper term "under the weight of the presumptive middle term maximum sentence that currently exists." (*People v. Lynch*, *supra*, 16 Cal.5th at p. 777.) The amendments to section 1170 subdivision (b) were in effect at the time of resentencing. Appellant argued the low term was presumed due to his age and lack of adult record "under the current law." The trial court, however, stated "I do think that the – the new laws are not applicable to the sentence that was imposed then, and there were aggravating factors that [the prosecutor] describes." Either the court did not understand its resentencing authority under section 1170 subdivision (b) or it believed it was bound by prior law in effect when appellant was originally sentenced. Either way, the record does not indicate the court "exercised its ""informed discretion.""" (*Lynch,* at p. 773.) Remand is required to conduct proceedings in accordance with section 1170 subdivision (b).[4]

---

[4] We also note that the resentencing court did not recalculate custody credits and instead calculated only time in county jail and delegated to CDCR the obligation to recalculate credits as of the date of resentencing. This was error. On

DISPOSITION

The jury's "true" findings on the gang enhancement allegations are vacated. We vacate appellant's sentence and remand to allow the People the option of retrying the gang allegations under amended section 186.22, subdivision (b) and the parties the option of introducing additional evidence relevant to sentencing under section 1170 subdivision (b). Upon conclusion of any retrial on the gang allegations and trial on aggravating factors, or if no trial occurs, the trial court shall proceed to a full resentencing and calculate custody credits as of that date. The clerk of the court shall then prepare a new abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.                    BALTODANO, J.

---

remand the trial court is required to recalculate custody credits. (§ 2900.5, subd. (d); *People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)

Jed Beebe, Judge
Superior Court County of Santa Barbara

_____

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.